**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  07cv551-RPM-BNB

STEVE A. BOSTWICK,

        Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

A scheduling conference was held on June 5, 2007, before District Court Judge Richard P. Matsch.  Fredric A. Bremseth appeared on behalf of the Plaintiff, and Steven E. Napper appeared on behalf of the Defendant.

**2.  STATEMENT OF JURISDICTION**

Jurisdiction is based upon 45 U.S.C., § 51 *et seq.*, the Federal Employers Liability Act ("FELA").

**3.  STATEMENT OF CLAIMS AND DEFENSES**

    a.    *Plaintiff:*

That over the course of his 33 year career as a locomotive engineer with defendant, plaintiff has been subjected to defective and poorly maintained locomotives, locomotive seats and tracks, and repetitive stress and cumulative trauma, which has caused chronic and permanent injuries to his neck, back and spine, due to the negligence of defendant.

b.      *Defendant:*

Defendant denies that Plaintiff was exposed to cumulative trauma and repetitive stress over the course of his career riding on locomotives as an employee of the Union Pacific. Defendant denies that the locomotives Plaintiff rode on over his career with the Union Pacific were "rough riding." Defendant denies that the locomotive cab seats in these locomotives were "inadequate." Defendant denies that the track over which the Plaintiff rode during his career with the Union Pacific was "rough." Defendant denies that it was negligent and denies that it violated the Federal Locomotive Inspection Act., 49. U.S.C. § 20701, or other federal safety statutes or regulations enacted for the safety of railroad employees.

Defendant Union Pacific alleges that the damages, if any, sustained by the Plaintiff were incurred as a result of the sole or contributory negligence of the Plaintiff. Defendant Union Pacific alleges that the Plaintiff may have failed to mitigate his damages, if any. Defendant alleges that the Plaintiff's injuries may have been merely an aggravation of a preexisting condition. Defendant Union Pacific affirmatively states that it is entitled to an offset for any funds the Plaintiff receives from the Railroad Retirement Board pursuant to 45 U.S.C., § 55 and for any advances made by Defendant to Plaintiff pursuant to the terms of the Advance Payment Receipts. Finally, Defendant Union Pacific alleges that the Plaintiff's cumulative trauma claims may be barred by the statue of limitations.

Defendant asserts that Plaintiff was terminated for good cause and his exclusive remedy, if any, for this termination is under the Railway Labor Act and not under the FELA. Plaintiff's termination was not caused in whole or in part by the negligence and or violations of Federal statutes, laws or regulations as alleged by Plaintiff.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

    a.    The jurisdiction of this Court is based upon 45 U.S.C. §51 *et seq.*, the Federal Employers' Liability Act of the United States.

    b.    At all times material hereto, Plaintiff has been a citizen of the state of Colorado, residing in Littleton.

    c.    At all times material hereto, Defendant has been a corporation duly organized, created and existing under and by virtue of one of the laws of the states of the United States, and as such was engaged in the business of owning, maintaining and operating a line and system of railroad which extended in part through the state of Colorado.

    d.    At all times material hereto, Defendant has been a common carrier engaged in interstate transportation and commerce.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims past and future wage loss, past and future pain, suffering and disability, past and future medical expenses, all according to proof.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    The Rule 26(f) meeting occurred on May 3, 2007.

    b.    Fredric A. Bremseth attended the Rule 26(f) meeting on behalf of Plaintiff; Steven E. Napper attended on behalf of the Defendant.

c.     The parties do not propose any changes in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d.     Defendant submitted its initial disclosures on May 8, 2007.

e.     No agreement has been reached to conduct in informal discovery.

f.     The parties do not anticipate the need for electronic discovery at this time.  If the need for electronic discovery arises, the parties will meet and work out a procedure for electronic discovery.

### 7.  CASE PLAN AND SCHEDULE

a.     **Deadline for Joinder of Parties and Amendment of Pleadings:**

June 29, 2007.

b.     **Discovery Cut-off:**

Discovery to be completed on or before November 30, 2007.

c.     **Dispositive Motion Deadline:**

Dispositive motions to be filed on or before December 28, 2007.

d.     **Expert Witness Disclosure:**

(1)    The parties anticipate calling experts in the following fields.

Plaintiff

(a)    Ergonomics
(b)    Seating
(c)    Medical
(d)    Economist
(e)    Vocational Rehabilitation
(f)    Track and Roadbed
(g)    Locomotive Ride Quality
(h)    Biomechanics

Defendant:

        (a)     Ergonomics
        (b)     Seating
        (c)     Medical
        (d)     Economist
        (e)     Vocational Rehabilitation
        (f)     Track and Roadbed
        (g)     Locomotive Ride Quality
        (h)     Biomechanics

(2)     Each party may designate and call ten (10) experts. This limitation does not include treating physicians.

(3)     The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 14, 2007.

(4)     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 12, 2007.

(5)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

    e.    **Deposition Schedule:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff | August 7, 2007 | 9:00 a.m. | 7 hours |
| Plaintiff's co-workers | August 8, 2007 | 9:00 a.m. | 7 hours |
| Plaintiff's co-workers | August 9, 2007 | 9:00 a.m. | 7 hours |
| Defendant's management employees | August 10, 2007 | 9:00 a.m. | 7 hours |

    **f.**    **Interrogatory Schedule:**    Interrogatories shall be served on or before October 26, 2007.

- 5 -

  **g.** **Schedule for Request for Production of Documents:** Requests for Production of Documents shall be served on or before October 26, 2007.

  **h.** **Discovery Limitations**:

(1) Each party shall be limited to ten (10) nonexpert depositions and may depose each designated expert by the opposing party.

(2) Depositions shall be limited to seven (7) hours.

(3) Neither party proposes any modification on the presumptive number of interrogatories contained in the Federal Rules.

(4) The parties agree to limit requests for production of documents to 25.

(5) Neither party has proposals at this time for other orders or schedules regarding discovery.

  **i.** **Other Planning or Discovery Orders:**

  None.

## 8. SETTLEMENT

Counsel for the parties certify that they discussed the possibilities for prompt settlement or resolution of the case. Counsel are in agreement that completion of some discovery is required before the parties can engage in meaningful settlement offers. The parties will schedule a settlement conference with an independent mediator.

## 9. OTHER SCHEDULING ISSUES

  a. There are no discovery or scheduling issues which counsel have not been able to agree upon.

  b. This case is set for a jury trial. It will take ten (10) full days.

## 10. AMENDMENTS TO SCHEDULING ORDER

- 6 -

- 7 -

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 5th day of June, 2007.

BY THE COURT:

s/Richard P. Matsch
_____
United States District Judge

SCHEDULING ORDER REVIEWED::

| | |
|---|---|
| Fredric A. Bremseth | Steven E. Napper |
| Keith A. Ekstrom | UNION PACIFIC RAILROAD COMPANY |
| BREMSETH LAW FIRM, P.C. | 1331 Seventeenth Street, Suite 406 |
| 601 Carlson Parkway, Suite 995 | Denver, Colorado 80202-1566 |
| Minnetonka, Minnesota 55305 | Telephone: 303.964.4575 |
| Telephone: 952.475.2800 | Facsimile: 303.964.4585 |
| Facsimile: 952.475.3879 | senapper@up.com |
| fbremseth@bremseth.com | |
| kekstrom@bremseth.com | |